## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

JOSE SANTOS ALVAREZ, on behalf of himself
and others similarly situated,

      Plaintiff,

vs.

UNO RESTAURANT ASSOCIATES, INC. d/b/a
Prime Italian, a Florida for-profit corporation, and
MYLES CHEFETZ, an individual,

      Defendants.

_____/

CLASS AND COLLECTIVE
ACTION COMPLAINT

## CLASS AND COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff JOSE SANTOS ALVAREZ ("Plaintiff" or "Santos"), on behalf of himself and others similarly situated, who was an employee of Defendants UNO RESTAURANT ASSOCIATES, INC. d/b/a Prime Italian ("Uno"), a Florida for-profit corporation, and MYLES CHEFETZ ("Chefetz"), an individual (collectively, "Defendants"), and files this Class and Collective Action Complaint for unpaid minimum wage compensation, unpaid overtime wage compensation, liquidated damages, retaliatory discharge, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* (hereinafter, the "Act" or "FLSA"), Article X, Section 24 of the Florida Constitution and Fla. Stat. § 448.110 (together, the "FMWA"), for a declaration of rights, and in addition Plaintiff Santos individually seeks relief for retaliatory discharge under 29 U.S.C. § 215(A)(3).

1. Plaintiff and the proposed <u>collective</u> action members ("216(b) Class") were subjected to similar violations of the FLSA by Defendants. The class of similarly situated employees or

1

potential collective action members sought to be certified under 29 U.S.C. § 216(b) is defined as:

> All bussers and servers ("tipped employees") who worked for Defendants during the three (3) years preceding this lawsuit and who, as a result of Defendants' policy of requiring them to share their tips with non-tipped employees, earned less than the applicable minimum regular and overtime wage for one or more weeks during the Relevant Time Period.

2. Plaintiff and the proposed class action members ("Rule 23 Class") were subjected to similar violations of the FMWA by Defendants.  The class of similarly situated employees or potential class action members sought to be certified under Fed. R. Civ. P. 23 is defined as:

> All bussers and servers ("tipped employees") who worked for Defendants during the five (5) years preceding this lawsuit and who, as a result of Defendants' policy of requiring them to share their tips with non-tipped employees, earned less than the applicable minimum wage for one or more weeks during the Relevant Time Period.

3. Additionally, Plaintiff and those similarly situated seek a declaration of rights pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.

4. Additionally, Plaintiff Santos seeks damages for retaliatory discharge under 29 U.S.C. § 215(A)(3).

5. The precise size and identity of the 216(b) Class and the Rule 23 Class can be ascertained from the business records, tax records, and/or employee or personnel records of Defendants and its related and affiliated entities.

## I.   JURISDICTION AND VENUE

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because

2

Defendants' restaurant is situated in this District; and because most, if not all, of the operational decisions were made in this District.

7. This Court has original jurisdiction over Plaintiff's federal question claims.

8. This Court has supplemental jurisdiction to hear Plaintiff and Rule 23 Class Members' state law claims under 28 U.S.C. § 1367.

## II.     PARTIES

9. Plaintiff Santos is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

10. Defendant UNO RESTAURANT ASSOCIATES, INC. d/b/a Prime Italian ("Uno") is a Florida for-profit company that owns and operates the Prime Italian Restaurant located in Miami Beach, Miami-Dade County, Florida.

11. Defendant Chefetz, an individual and *sui juris*, was the owner and manager of Uno. Chefetz acted directly and indirectly in the interest of Uno. Chefetz managed Uno and had the power to direct employees' actions. Chefetz had management responsibilities, degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees of Uno in accordance with the FLSA, making Defendant Chefetz an employer pursuant to 29 USC § 203(d).

## III.     COVERAGE

12. During the all material times, Defendant Uno was an enterprise covered by the FLSA and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in

3

that said the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13. During all material times, Defendant Chefetz was an employer as defined by 29 U.S.C. § 203(d).

14. During all material times, Defendant Uno was an employer as defined by 29 U.S.C. § 203(d).

15. During all material times, Defendants were employers under the Florida Constitution, Article X, Section 24.

16. Defendants are joint employers under 29 C.F.R. 791.2(b)(3) because the Defendants are not completely disassociated with respect to the employment of Plaintiff and Class Members, and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under the common control with the other employer.

17. During all material times, the enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

18. During all material times, the enterprise employed two or more people.

## IV.    FACTUAL ALLEGATIONS

19. Defendants operate a restaurant known as Prime Italian, located at 101 Ocean Drive, Miami Beach, Miami-Dade County, Florida.

20. Santos worked as a tipped employee ("busser") for Defendants from February, 2012, approximately, through October, 2017 ("Relevant Time Period").

4

21. During the Relevant Time Period, the applicable Florida minimum wage was $7.67 per hour in 2012, $7.79 per hour in 2013, $7.93 per hour in 2014, $8.05 per hour in 2015 and 2016, and $8.10 per hour in 2017.

22. During the Relevant Time Period, the applicable Florida overtime wage was $11.895 per hour in 2014, $12.075 per hour in 2015 and 2016, and $12.15 per hour in 2017.

23. At Prime Italian during the Relevant Time Period, tipped employees such as bussers and servers were paid less than the minimum wage.

24. Under the FLSA, if an employer satisfies the requirements of 29 U.S.C. 203(m), it may apply a portion of a tipped employee's tips (this portion known as the "tip credit") up to a maximum of $3.02 per hour in Florida towards satisfaction of its obligation to pay its employees the minimum wage.  This tip credit may apply to both regular and overtime hours worked. The burden is on the employer to prove they are entitled to apply the tip credit.

25. To utilize the tip credit under the FLSA, the employer must pay its tipped employees the proper minimum wage for tipped employees and allow its tipped employees to retain all the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m).  If an employer fails to satisfy either requirement, it may not take advantage of the tip credit and must pay its tipped employees the full applicable minimum wage.

26. Through some or all of the Relevant Time Periods, Plaintiff and those similarly situated were required to share tips with a dishwasher assistant called a "stocker," who was not a tipped employee, in violation of the FLSA and FMWA.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

27. Through some or all of the Relevant Time Periods, Plaintiff and those similarly situated were required to share tips with a "sweeper," who was not a tipped employee, in violation of the FLSA and FMWA.

28. Through some or all of the Relevant Time Periods, Plaintiff and those similarly situated were required to spend 20% or more of their work time on non-tip-producing sidework, in violation of the FLSA and FMWA.

29. As the result of the above violations, Defendants did not satisfy the requirements of 29 U.S.C. § 203(m) and § 531.35 during the Relevant Time Period and thus cannot apply Class Members' tips towards satisfaction of Defendants' minimum and overtime wage obligation, and must therefore pay Plaintiff and Class Members the full minimum wage for each hour worked up to forty per workweek and full overtime wage for each hour worked in excess of forty per workweek.

30. Because of the institution and maintenance of the illegal tip-sharing violations, and excessive sidework during the Relevant Time Period, which Defendants knew of or showed reckless disregard for the matter of whether its conduct was prohibited by statute, Defendants willfully engaged in practices that denied Plaintiff and Class Members the applicable minimum and overtime wage under the FLSA and FMWA.

31. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## FLSA COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff seeks certification of collective action from this court, for himself and those similarly situated, pursuant to 29 U.S.C. 216(b).

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

33. A district court, under the two-tiered approach used to determine whether an FLSA collective action is appropriate, first approves conditional certification upon a minimal showing that members of the proposed class are similarly situated. Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201, *et seq.*

34. "[A]t the initial stage the district court's decision to certify a class is based primarily on pleadings and affidavits." *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007), citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995). "Accordingly, at the initial stage, courts apply a 'fairly lenient standard' for determining whether the Plaintiff are truly similarly situated." *Anderson*, at 953, citing *Mooney*, at 1214. "At the first stage (typically in response to a motion to conditionally certify made prior to discovery) the court utilizes a "fairly lenient" standard in light of the limited evidence then available." *Epps v. Oak St. Mortg., LLC,* 2006 WL 1460273, at *3 (M.D. Fla. May 22, 2006). "[A]t the second stage Plaintiff *may*—the ultimate decision rests largely within the district court's discretion— not succeed in maintaining a collective action under § 216(b) based solely on allegations and affidavits, depending upon the evidence presented by the party seeking decertification." *Id.*

35. Plaintiff and those similarly situated performed the same or similar jobs as one another in that they were tipped employees (bussers and servers) in Defendants' restaurant, servicing Defendants' customers.

36. Plaintiff and those similarly situated were subjected to similar policies in that they were paid below the minimum wage as tipped employees and were required to share tips with non-tipped employees such as "stockers" and "sweepers."

37. These policies or practices were applicable to Plaintiff and members of the collective action. Application of these policies or practices does not depend on the personal circumstances of

7

Plaintiff or those joining this lawsuit. Rather, the same policies or practices apply to all members of the collective action. Accordingly, members of the collective action are properly defined as:

> All bussers and servers who worked for Defendants during the three (3) years preceding this lawsuit and who, as a result of Defendants' policy of requiring them to share their tips with non-tipped employees, earned less than the applicable minimum regular and overtime wage for one or more weeks during the Relevant Time Period.

38. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.,* (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

39. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of paying Plaintiff and Class Members as tipped employees and forcing them to share tips with non-tipped employees in violation of the law.

40. Thus, Defendants acted willfully by failing to pay Plaintiff, and Class Members, in accordance with the law.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE IN
## <u>VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*</u>

41. Plaintiff, on behalf of himself and those similarly situated, reincorporates and re-alleges paragraphs 1 through 40 as though set forth fully herein and further alleges as follows:

42. Defendants willfully and intentionally forced Plaintiff and those similarly situated to participate in an illegal tip-sharing scheme in which they were required to share their tips with non-tipped employees.

8

43. By requiring Plaintiff and those similarly situated to share their tips with non-tipped employees, Defendants cannot claim the tip credit and therefore owe Plaintiff and those similarly situated the full minimum wage for each hour worked up to forty per workweek.

44. As a direct and proximate result of the above violations, Plaintiff and those similarly situated have been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff JOSE SANTOS ALVAREZ demands judgment in his favor and against Defendants UNO RESTAURANT ASSOCIATES, INC. and MYLES CHEFETZ, jointly and severally, as follows:

a) Award to Plaintiff and those similarly situated for payment of all hours worked up to forty per workweek at the full minimum wage;

b) Award to Plaintiff and those similarly situated liquidated damages equal to the payment of all hours worked up to forty per workweek at the full minimum wage or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

### COUNT II
### FAILURE TO PAY OVERTIME WAGE IN
### VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

45. Plaintiff, on behalf of himself and those similarly situated, reincorporates and re-alleges paragraphs 1 through 40 as though set forth fully herein and further alleges as follows:

46. Defendants willfully and intentionally forced Plaintiff and those similarly situated to participate in an illegal tip-sharing scheme in which they were required to share their tips with non-tipped employees.

9

47. By requiring Plaintiff and those similarly situated to share their tips with non-tipped employees, Defendants cannot claim the tip credit and therefore owe Plaintiff and those similarly situated the full overtime wage for each hour worked in excess of forty per workweek.

48. As a direct and proximate result of the above violations, Plaintiff and those similarly situated have been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff JOSE SANTOS ALVAREZ demands judgment in his favor and against Defendants UNO RESTAURANT ASSOCIATES, INC. and MYLES CHEFETZ, jointly and severally, as follows:

a) Award to Plaintiff and those similarly situated for payment of all hours worked in excess of forty per workweek at the rate of one-and-a-half times their regular rate of pay;

b) Award to Plaintiff and those similarly situated liquidated damages equal to the payment of all hours worked in excess of forty per workweek at the rate of one-and-a-half times their regular rate of pay or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## FLORIDA MINIMUM WAGE AMENDMENT CLASS ACTION ALLEGATIONS

49. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the named Plaintiff seeks certification and is a member of the following Rule 23 Class he seeks to represent:

> All bussers and servers ("tipped employees") who worked for Defendants during the five (5) years preceding this lawsuit and who, as a result of Defendants' policy of requiring them to share their tips with

10

non-tipped employees, earned less than the applicable minimum wage
for one or more weeks during the Relevant Time Period.

50. The class action is properly maintainable under Federal Rule of Civil Procedure 23(a) and

23(b)(3).

51. Numerosity:  This action satisfies numerosity.  The Rule 23 Class defined in paragraph 51 is

sufficiently numerous that separate joinder of each member is impracticable as the class will

be comprised of more than twenty-five (25) absent class members.

52. Commonality:  The named Plaintiff's claims raise questions of law and fact common to each

member of the Rule 23 Class, which include, but are not limited to:

    a.  whether Rule 23 Class Members have been paid a direct hourly wage rate by

        Defendants that is less than the Florida minimum wage;

    b.  whether Defendants required Plaintiff and Rule 23 Class Members to share tips

        with non-tipped employees; and

    c.  whether Defendants' conduct willfully violated Article X, Section 24.

53. Typicality:  The claims of the named Plaintiff are typical of the claims of the Rule 23 Class

Members because the representative Plaintiff, like all members of the class, was an hourly

tipped employee and was required to share tips with non-tipped employees.

54. Adequacy:  The named Plaintiff will vigorously pursue the claims alleged herein on behalf of

himself and Rule 23 Class Members.  The named Plaintiff's claims have no adverse interests

to the proposed absent class members because they assert the same claims under Article X,

Section 24, seek the same relief as would the absent Rule 23 Class Members if each were to

bring a similar action individually.  The named Plaintiff will adequately protect and represent

the interests of each absent class member.

11

55. <u>Predominance</u>:  Pursuant to Rule 23(b)(3), class certification is appropriate because the Florida minimum wage claims alleged on behalf of the class, as described in the aforementioned paragraphs, predominate over any question of law or fact affecting only individual members of the class.  The predominance questions of law or fact are clear, precise, well-defined, and applicable to the named Plaintiff as well as every absent member of the proposed class. In addition, the damages calculation in this suit is a purely mechanical act (hours worked times Florida minimum wage equals damages), class claims predominates over any individual issues.

56. <u>Superiority</u>:  Class representation is superior to other available methods for the fair and efficient adjudication of the controversy for a number of reasons including, but not limited to, the following: (1) this action challenges the policy of an employer and therefore employees may be reluctant to bring claims individually for fear of retaliation; (2) many class members may have only worked for Defendants for a short period of time and their individual damages would not be substantial enough to be worth the effort of bringing individual claims; (3) class members may not have the resources to bring their claims individually; and (4) it would be an inefficient use of scarce judicial resources to require each employee affected by the practices challenged herein to bring his or her own individual claim.

**COUNT III**
**FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF**
**<u>THE FLORIDA CONSTITUTION, ARTICLE X, SECTION 24</u>**

57. Plaintiff, on behalf of himself and those similarly situated, reincorporates and re-alleges paragraphs 1 through 31 and 49 to 56 as though set forth fully herein and further alleges as follows:

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

58. Defendants willfully and intentionally forced Plaintiff and those similarly situated to participate in an illegal tip-sharing scheme in which they were required to share their tips with non-tipped employees.

59. By requiring Plaintiff and those similarly situated to share their tips with non-tipped employees, Defendants cannot claim the tip credit and therefore owe Plaintiff and those similarly situated the full minimum wage for each hour worked up to forty per workweek.

60. As a direct and proximate result of the above violations, Plaintiff and those similarly situated have been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff JOSE SANTOS ALVAREZ demands judgment in his favor and against Defendants UNO RESTAURANT ASSOCIATES, INC. and MYLES CHEFETZ, jointly and severally, as follows:

a) Award to Plaintiff and those similarly situated for payment of all hours worked up to forty per workweek at the full minimum wage;

b) Award to Plaintiff and those similarly situated liquidated damages equal to the payment of all hours worked up to forty per workweek at the full minimum wage or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT IV
## DECLARATION OF RIGHTS

61. Plaintiff reincorporates and re-alleges paragraphs 1 through 31 as though set forth fully herein, and further alleges as follows:

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

62. Plaintiff, and those similarly situated, and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331. The Court also has jurisdiction over Plaintiff's, and those similarly situated, request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

63. Defendants did not rely on a good faith defense in suffering or permitting Plaintiff, and those similarly situated, to work as tipped employees while requiring them to share tips with non-tipped employees.

64. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

65. Many members of the proposed 216(b) Class are currently employed by Defendants.

66. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff, and those similarly situated, from Defendants, now and in the future.

WHEREFORE, Plaintiff JOSE SANTOS ALVAREZ demands judgment in his favor and against Defendants UNO RESTAURANT ASSOCIATES, INC. and MYLES CHEFETZ, jointly and severally, as follows:

a) Issue declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

b) Enjoin Defendants from further violations of the FLSA;

c) Award Plaintiff reasonable attorneys' fees and costs;

d) Award such other and further relief as this Court may deem just and proper.

14

## COUNT V
## RETALIATORY DISCHARGE OF PLAINTIFF SANTOS
## IN VIOLATION OF 29 U.S.C. § 215(A)(3)

67. Plaintiff reincorporates and re-alleges paragraphs 1 through 31 as though set forth fully herein, and further alleges as follows:

68. Plaintiff Santos formally complained to Defendants that he was being forced to work an excessive amount of sidework during his workweek, although he was a tipped employee.

69. As a direct result of the formal complaints made about excessive sidework as a tipped employee, Plaintiff Santos was fired.

70. Defendants' motivating factor for terminating Plaintiff Santos was retaliation for Plaintiff's complaint concerning excessive sidework he was required to work even though he was a tipped employee.

71. The actual termination of Plaintiff's employment was in direct violation of 29 U.S.C. 215(A)(3) and, as a result, Plaintiff Santos has been damaged.

WHEREFORE, Plaintiff JOSE SANTOS ALVAREZ demands judgment in his favor and against Defendants UNO RESTAURANT ASSOCIATES, INC. and MYLES CHEFETZ, jointly and severally, as follows:

    a)   Award to Plaintiff of lost wages and liquidated damages equal to the lost wages;

    b)   Award to Plaintiff of front pay;

    c)   Award to Plaintiff of compensatory damages for emotional distress, humiliation, and pain and suffering;

    d)   Award to Plaintiff of punitive damages;

    e)   Award to Plaintiff of reasonable attorneys' fees and costs;

    f)   Award of pre-judgment interest; and

15

g) Any other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted December 7, 2017.

By: __**s/Robert W. Brock II**_____
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 7, 2017, I electronically filed the foregoing document via CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: __s/Robert W. Brock II_____
Robert W. Brock II, Esq.

16