UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JOSE SANTOS ALVAREZ, on behalf of himself
and others similarly situated,

    Plaintiff,

vs.

UNO RESTAURANT ASSOCIATES, INC. d/b/a
Prime Italian, a Florida for-profit corporation, and     MOTION TO CERTIFY 216(b)
MYLES CHEFETZ, an individual,     COLLECTIVE ACTION

    Defendants.
_____/

**MOTION TO CERTIFY 216(b) COLLECTIVE ACTION AND
FACILITATE NOTICE TO POTENTIAL 216(B) CLASS MEMBERS
WITH INCORPORATED MEMORANDUM OF LAW**

COMES NOW Plaintiff, JOSE SANTOS ALVAREZ ("Plaintiff" or "Alvarez"), on his own behalf and on behalf of others similarly situated, by and through undersigned counsel, and moves this honorable Court for an Order certifying collective action and authorizing notice to all class members pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq., and herein state:

**COLLECTIVE ACTION**

Plaintiff seeks collective-action certification of the following class of similarly situated persons ("216(b) Class Members"):

> All bussers and servers ("tipped employees") who worked for Defendants during the three (3) years preceding this lawsuit and who, as a result of Defendants' policy of requiring them to share their tips with non-tipped employees, earned less than the applicable minimum

1

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

regular and overtime wage for one or more weeks during the Relevant Time Period.

## STATEMENT OF THE CASE

Plaintiff seeks damages for himself and others similarly situated ("216(b) Class Members") for violations of the FLSA. Specifically, Plaintiff alleges he and other 216(b) Class Members were (1) paid below the minimum wage as tipped employees; and were (2) required to share tips with non-tipped employees who work positions that are not customarily and regularly tipped. By knowledge and belief, Plaintiff and 216(b) Class Members were jointly employed by UNO RESTAURANT ASSOCIATES, INC. d/b/a Prime Italian, a Florida for-profit corporation, and MYLES CHEFETZ, an individual (collectively, "Defendants"), located in Miami-Dade County, Florida.

Plaintiff Alvarez was employed as a tipped employee ("busser") by Defendants from approximately February, 2012 to October, 2017.

216(b) Class Members were tipped employees employed as servers and bussers during various times within the last three years ("Relevant Time Period"). 216(b) Class Members were paid below the minimum wage as tipped employees and for all or part of the Relevant Time Period were required to share tips with non-tipped employees who are not customarily and regularly tipped. Many of the 216(b) Class Members are not aware of their rights under the Act and many of the current servers and bussers are apprehensive of retaliation if they are to exercise their rights in an individual action.

*Paid as Tipped Employees*

Plaintiff and 216(b) Class Members were hourly tipped employees who provided service to customers dining in Defendants' restaurant Prime Italian.

2

*Required to Share Tips with Non-Tipped Employees*

It was a policy of Defendants to require 216(b) Class Members to share their tips with non-tipped employees who worked positions that are not customarily and regularly tipped. These positions include "stocker," which is a dishwasher assistant position, and "sweeper," who cleans around the restaurant. *See* Melvis Garcia Affidavit [DE 7, at ¶¶ 5,6].

## MEMORANDUM OF LAW

According to the Affidavits of named Class Plaintiff Alvarez [DE 6] and opt-in Plaintiff Garcia [DE 7], former tipped employee bussers for Defendants, 216(b) Class Members were paid below the minimum wage as tipped employees but were forced to share tips with non-tipped employees who worked positions that are not customarily and regularly tipped.

## COLLECTIVE ACTIONS

*Plaintiff and 216(b) Class Members are Similarly Situated*

The FLSA authorizes certification of collective actions. 29 U.S.C. 216(b). Certification under 216(b) consists of a first-stage, or "notice stage," certification and, later, a possible second-stage, or "decertification," determination. *Cameron-Grant v. Maxim Healthcare Services, Inc.,* 347 F.3d 1240, 1243 (11th Cir. Fla. 2003). As noted by the Eleventh Circuit, the ultimate question at both stages (certification and decertification) is whether class members are "similarly situated." *Morgan v. Family Dollar Stores,* 551 F.3d 1233, 1258-64 (11th Cir. 2008). The FLSA authorizes employees to bring an action on behalf of themselves and others similarly situated. *See* 29 U.S.C. § 216(b). A collective action is an "opt-in" action. "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id*.

3

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

Defendants employed tipped employees such as bussers and servers, positions that are customarily and regularly tipped, to provide service to their customers. *See* Alvarez Affidavit [DE 6, at ¶ 1]; and Garcia [DE 7, at ¶ 1]. Defendants paid 216(b) Class Members below the minimum wage. *See* Alvarez Affidavit [DE 6, at ¶ 3]; and Garcia [DE 7, at ¶ 3]. Defendants required them to share tips with non-tipped positions that are not customarily and regularly tipped. *See* Alvarez Affidavit [DE 6, at ¶¶ 5,6]; and Garcia [DE 7, at ¶¶ 5,6]. The named Plaintiff believes his claims are typical of the claims of other former and current tipped employees employed by Defendants, and typical of the claims of all members of the representative class identified.

The representative class consists of any individual who worked one or more weeks as a busser or server at Defendants' restaurant Prime Italian and who was subjected to Defendants' unlawful pay practices of (1) paying them below the minimum and overtime wage as tipped employees, while (2) requiring them to share their tips with non-tipped employees. The named Plaintiff, along with opt-in plaintiff Garcia, have filed Affidavits in support of this Motion. *See* Alvarez Affidavit [DE 6]; and Garcia [DE 7]. This participation alone is enough to satisfy the inquiry as to whether others "desire to join." *See Dietrich v. Liberty Square,* 230 F.R.D. 574, 579 (N.D. Iowa 2005) (two affidavits provide sufficient factual basis for similarly situated inquiry); *Davis v. NovaStar Mortgage, Inc.*, 408 F. Supp. 2d 811, 816 (W.D. Mo. 2005) (declarations provide appropriate support for conditional certification). Based upon the record evidence, Plaintiff has demonstrated that the bussers and servers employed by Defendants are "similarly situated" because: (a) they provided service to dining customers for Defendants in Defendants' restaurant Prime Italian; (b) they were paid below the minimum and overtime wage rates as

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

tipped employees; and (c) they were forced to share their tips with non-tipped employees who are not customarily and regularly tipped.

*The Affidavit of a Single Opt-In Raises Allegations "Beyond Pure Speculation"*

In another case, United States Magistrate Judge Frank Lynch, Jr., permitted notice to proceed stating that: "…the Affidavit of [a single opt-in plaintiff] shows that at least one other coworker desires to join the suit, thereby raising the Plaintiff's contention beyond one of pure speculation." Order on Plaintiff's Motion for an Order Permitting Court Supervised Notice to Employees of Their Opt-in Rights, *Larry Guerra v. Big Johnson Concrete Pumping, Inc.*, 2006 WL 2290512, at *4 (S.D. Fla. May 17, 2006).

Simply put, all other tipped employees within the defined class are owed full and proper payment of minimum and overtime wages due. It is undisputed that Defendants have acted, or have refused to act, on grounds applicable to all putative class members in the defined class, thereby making the identical relief appropriate with respect to their current and former tipped employees within the defined class as a whole. Moreover, the common questions of law and fact predominate over any questions affecting only Plaintiff, and a collective action is superior to other available methods for the fair and equitable adjudication of the controversies between the representatives described above and the named Defendants. And, although the defined class of current and former tipped employees is identified and certain, the individual members of the class cannot be completely identified and notified of their right to join this action absent access to Defendants' books and records.

Defendants' above compensation policies and practices are common to all putative class members in the defined class. Moreover, as these common policies and procedures violate the FLSA's minimum wage and overtime provisions (as well as the record-keeping provisions of the

5

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

FLSA) requiring the payment of the minimum wage for each hour worked up to forty per workweek, and payment of one-and-one-half times their regular pay for each hour worked in excess of forty per workweek. That is, because Defendants failed to pay their servers and bussers the required applicable minimum wage and overtime wage compensation, Defendants have adversely affected the rights of each member of this collective action. Therefore, Plaintiff seeks this Court's authorization to facilitate notice as requested.

Plaintiff further requests that he be permitted to give notice, as approved by this Court, to all class members, stating their right to opt-in to this litigation by executing an appropriate consent as required by Section 216(b) of the FLSA. Plaintiff and opt-in Plaintiff's Affidavits and the filing of the Complaint by Plaintiff, alleging identical claims, clearly establish that Defendants' other tipped employees in the defined class had similar duties, were paid in a similar manner, and were subjected to Defendants' tip scheme as described above.

## APPLICABLE STANDARDS FOR COLLECTIVE ACTIONS

*Notice and "Opting-In" Under 29 U.S.C. § 216(b)*

FLSA collective actions operate differently than typical class action suits. While in traditional Rule 23 class actions, all class members automatically participate unless they have expressly "opted-out," under 29 U.S.C. § 216(b) of the FLSA, class members wishing to participate must "opt-in" by filing a written consent with the Court. Without signing and filing such an express consent, employees are not bound by the outcome of the litigation. *See id.*

In *Hoffman- La Roche, Inc. v. Sperling,* 493 U.S. 165 (1989), the Supreme Court ruled trial courts have authority to compel defendant-employers to provide names and addresses of potential plaintiffs through the pretrial discovery process, and this authority also included sending court-authorized consent forms to potential plaintiffs. *Id.* The Sperling Court determined

6

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

that district courts have discretion in appropriate cases to implement 29 U.S.C. §216(b) by facilitating notice to potential plaintiffs. *Id.*, at 486. This authority arises from the Court's broad discretionary power to manage the process of joining multiple parties in an orderly manner. *Id.* Trial court involvement in the notice process is inevitable in collective actions with numerous class members. The decision to begin its involvement early, at the point of the initial notice, rather than at some later time, lies within the discretion of the trial court. *Id.* Court authorization of notice serves the legitimate goals of avoiding a multiplicity of duplicative suits and of setting cutoff dates to expedite disposition of the action. *Id.*, at 487. Additionally, the benefits of the class action provisions of 29 U.S.C. §216(b) "depend on employees receiving accurate and timely notice concerning the pendency of the collective action so they can make informed decisions about whether to participate." *Id.*, at 486. The Eleventh Circuit has held that the district court had authority to issue an order requiring notice to "similarly situated" employees of the defendant affording them the opportunity to "opt-in." *Dybach v. State of Florida, Department of Corrections,* 942 F .2d 1562 (11th Cir. 1991) (Eleventh Circuit found that an adult probation officer was non-exempt and therefore entitled to overtime compensation for all hours worked over forty (40) in multiple workweeks).

### A.  Only Minimal Evidence Required to Support Conditional Class Certification

*Two-Tiered Approach*

The Eleventh Circuit utilizes a two-tiered approach to certification of an opt-in class pursuant to 29 U.S.C. §216(b). *See Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F .3d 1208, 1219 (11th Cir. 2001) (stating that the two-tiered approach "appears to be an effective tool for district courts in this circuit adopt it in future cases."); *see also, Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 & n.2 (11th Cir. 2003); *see also, Stephens v. Erosion*

7

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

*Containment Mgmt.,* 2008 U.S. Dist. LEXIS 40986 (M.D. Fla. 2008) ("the Eleventh Circuit strongly suggests district courts use a two-tiered approach to class certification in Fair Labor Standards Act cases."); *see Leuthold v. Destination Am.,* 224 F.R.D. 462, 467 (N.D. Cal. 2004) ("The two-tier approach contemplates progression through the notice stage before reaching the more rigorous inquiry required to maintain the class. This is evident from the methods usually employed to decide the issues raised by the two tiers.").

*First-Tier, or "Notice Stage," Determination*

Under this two-tiered approach, the court makes an initial determination, based solely upon the pleadings and any affidavits, whether notice of the action should be given to potential class members. *See id.* at 1218. During Stage I notice proceedings, "[p]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." *Grayson v. K Mart Corp.,* 79 F.3d 1086, 1096 (11th Cir. 1996). Given that the court has minimal evidence at this early stage of litigation, the initial determination is made using a "fairly lenient" standard, and typically results in conditional certification of a representative class. *See Healthcare Servs., Inc.*, 347 F.3d 1240 11th Cir. 2003)*; see also Pendelbury v. Starbucks Coffee Co.,* 2005 WL 84500, *3 (S.D. Fla. Jan. 3, 2005) (citing *Hipp*, 252 F.3d at 1218).

For purposes of defining the "similarly situated class" pursuant to 29 U.S.C. §216(b), a plaintiff must only demonstrate that the defined class is comprised of employees who are similarly situated to the named plaintiff with regard to the defendant's compensation practices.

*Similar – Not Identical*

To satisfy the initial burden regarding notice under 29 U.S.C. § 216(b), "plaintiff[s] need only show that their positions are similar, not identical, to the positions held by the putative class members." *Hipp*, 252 F. 3d at 1217. *see also, Pendlebury v. Starbucks Coffee Co.*, 518 F.Supp.2d

8

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

1345, 1355 (S.D.Fla. 2007). The "similarly situated" requirement of §216(b) is more elastic and less stringent than the requirements of Rule 23 (class actions), Rule 30 (joinder) and Rule 42 (severance). *Hipp*, 252 F. 3d at 1219; *see also, Pendlebury, supra*; *White v. Osmose*, 204 F. Supp. 2d 1309, 1315 (M.D. Ala. 2002). A plaintiff merely must demonstrate a "reasonable basis" for a collective action. *Hipp*, 252 F. 3d at 1219

Plaintiff's claims contain questions of law or fact common to those of Defendants' other servers and bussers. Indeed, Plaintiff's claims are typical of the claims of other individuals in his position. For conditional certification to be granted in cases arising under the FLSA, there is no requirement of "strict symmetry" or "absolute identity." Rather, all that is required is a "reasonable basis." *Burks v. Equity Group Eufaula Div. LLC*, 2007 U.S. Dist. LEXIS 79416 (M.D. Ala. 2007) (citing, *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996)); *see also, Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265, 1270 (M.D. Ala. 2004) ("[P]laintiff must make some rudimentary showing of commonality between the basis for his claims and that of the potential claims of the proposed class, beyond the mere facts of job duties and pay provisions."); *Bradford v. Bed Bath & Beyond, Inc.*, 184 F. Supp. 2d 1342, 1346-51 (N.D. Ga. 2002) (granting certification where "Plaintiffs have made substantial allegations, supported by evidence, that Defendant failed to comply with the FLSA by failing to pay overtime compensation to non-exempt employees on a class-wide basis.")

*Burden – Not Heavy*

While Plaintiff carries this burden, this burden is "not heavy;" it may be met by making substantial class-wide allegations, "that is, detailed allegations supported by affidavits which successfully engage defendant's affidavits to the contrary." *Id.* at 1096-97 (internal quotations omitted); *Hipp*, 252 F.3d at 1218-19. Further, "courts have held that Plaintiffs can meet this

9

burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Kreher v. City of Atlanta*, 2006 WL 739572, at *3 (N.D. Ga. Mar. 20, 2006) (*citing Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)); *see also Thiebes v. Wal-Mart Stores, Inc.,* 1999 WL 1081357, at *2 (D. Or. Dec. 1, 1999) (plaintiffs need only some factual nexus that they and the putative class were victims of a common policy or plan that violated the FLSA).

As indicated above and in the Affidavits filed by named Plaintiff, Plaintiff more than meets his burden to facilitate notice. Here, Defendants employed similarly situated individuals in the defined class as tipped employees at their restaurant Prime Italian in Miami-Dade County, Florida. *See* Alvarez Affidavit [DE 6, at ¶ 1]; and Garcia [DE 7, at ¶ 1].. To that end, Defendants employ and/or employed numerous tipped employees in the defined class, all of whom are subjected to Defendants' unlawful compensation practice of suffering or permitting servers and bussers to work below the minimum and overtime wage rate, and to share their tips with ineligible non-tipped employees. *See* Alvarez Affidavit [DE 6, at ¶ 9]; and Garcia [DE 7, at ¶ 9].

Indeed, in the instant case, Plaintiff has presented evidence other district courts have found sufficient for conditional certification of an FLSA collective action. *See Guerra v. Big Johnson Concrete Pumping, Inc.,* 2006 WL 2290512, at *4 (S.D. Fla. May 17, 2006) (conditional certification of an FLSA collective action granted based upon two affidavits – that of the single named plaintiff and one opt-in plaintiff); *Reyes v. Carnival Corp.,* 2005 WL 4891058 (S.D. Fla. 2005) (named plaintiff's affidavit, in combination with the two opt-in plaintiffs' notices of consent to join and affidavits sufficient to grant conditional certification of an FLSA collective action); *Goudie v. Cable Communications, Inc.*, 2008 WL 4628394 (D. Or. 2008) (affidavit from two plaintiffs sufficient for conditional certification of an FLSA collective

10

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

action); *Sanders v. MPRI, Inc.*, 2008 WL 5572846 (W.D. Okla. 2008) (certifying FLSA collective action based solely on Plaintiffs' affidavit with zero opt-ins or additional affidavits).

Based upon the Complaint allegations and the supporting affidavits filed by Plaintiff and opt-in plaintiff, Plaintiff satisfies the burden of "raising the Plaintiffs' contention beyond one of pure speculation." *Guerra v. Big Johnson.*

### B. Similarly Situated Individuals Will Join the Lawsuit Once Provided Notice

Plaintiff has demonstrated that other similarly situated tipped employees will join the case when provided notice. The Supreme Court has emphasized that the FLSA should be liberally applied to the furthest reaches consistent with congressional direction. *See Mitchell v. Lubin, McGaughy & Associates*, 358 U.S. 207, 211 (1959). Similarly situated employees with the same or similar job titles of "busser" or "server," who all allegedly experienced the same FLSA violations, will opt-in to the instant lawsuit when notice is given. *Reab v. Electronic Arts, Inc.,* 2002 WL 320769510 at * 6 (D. Col. 2002). Similarly, district courts have agreed to "accept, for purposes of deciding the instant motion for conditional collective action certification, that there are persons . . . who have suffered wage and hour violations who would join this suit if they had notice of the suit." *Barron*, 242 F. Supp. 2d at 1101.

Based upon the Affidavits filed, Plaintiff establishes the specific facts demonstrating other employees are interested in opting in. *See Grayson v. K-Mart Corp.,* 79 F. 3d 1086, 1097 (11th Cir. 1996). In addition, allowing class notification to a potential class will certainly avoid multiple lawsuits where numerous employees have allegedly been harmed by the same violation. *See Prickett v. Dekalb County,* 349 F.3d 1294, 1297 (11th Cir. 2003).

Thus, a collective action is appropriate, as Defendants have acted or refused to act on grounds generally applicable to the class, thereby allowing the same relief with respect to the

class as a whole. Additionally, questions of law or fact common to all class members who worked for Defendants predominate over any questions affecting only individual members. Hence, a collective action is superior to other available methods for the fair and efficient adjudication of this controversy. Accordingly, Plaintiff seeks certification of collective action and Court authorization to provide: (1) the proposed "Notice" letter, attached as Exhibit 1**,** to be sent to all similarly situated employees; and (2) the proposed "Consent to Become Party Plaintiff" form, attached as Exhibit 2**,** which similarly situated employees can complete, sign, and file with the Court.

## **MERITS OF CASE AND DISCOVERY IRRELEVANT TO CERTIFICATION**

*Merits of Plaintiff's Claims Are Irrelevant to Certification and Authorization of Notice*

Plaintiff anticipates Defendants will argue certification and notice should not proceed, based upon the only possible defense it may have to this action - that Plaintiff and his co-workers were paid all wages owed. Although Plaintiff believes this defense will ultimately fail based upon the facts that will emerge during litigation, such an argument regarding the merits of Plaintiff's claims and Defendants' defenses are irrelevant at this stage of the certification process. At this "conditional certification" stage, courts do not weigh the merits of the underlying claims. *See Kreher v. City of Atlanta,* 2006 WL 7398272, at *4 (N.D. Ga. Mar. 20, 2006) (*citing Young v. Cooper Cameron Corp.,* 229 F.R.D. 50, 54 (S.D.N.Y. 2005) ("The focus of [the conditional certification] inquiry is not whether there has been an actual violation of law, but rather on whether the proposed plaintiffs are "similarly situated" under 29 U.S.C. § 216(b) with respect to their allegations that the law has been violated"); *Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F. Supp. 2d 91, 96 (S.D.N.Y. 2003) ("Once the Plaintiffs makes a

12

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

colorable claim for relief, the only inquiry necessary is whether the potential plaintiffs to be notified are similarly situated to the named plaintiff . . .").

In *Kreher*, the court concluded that a requirement to submit evidence of a highly particularized nature was too high a burden at the preliminary notice stage. *Id.*, at 2006 WL 7398272, at * 4. As such, the *Kreher* Court concluded that although the plaintiffs' declarations lacked some details, they established the existence of other employees employed in similar positions and subjected to similar policies; the court therefore granted the plaintiffs' motion under the "fairly lenient standard" of the Eleventh Circuit. *Id.* at *4; *see also Leuthold v. Destination America,* 224 F.R.D. 462, 468 (N.D. Cal. 2004) ("Defendants' arguments in their opposition brief focus on the more stringent second tier analysis and raise issues that may be more appropriately addressed on a motion for decertification after notice is given to the proposed class."); *Goldman v. Radioshack Corp.,* 2003 WL 21250571, at *8 (E.D. Pa. Apr. 16, 2003) ("A fact-specific inquiry is conducted only after discovery and a formal motion to decertify the class is brought by the defendant."); *Felix De Asencio v. Tyson Foods, Inc.,* 130 F.Supp.2d 660, 663 (E.D. Pa. 2001) ("While this information [submitted by Defendant] may play a more significant role after discovery and during an analysis of the second and final similarly situated tier, Plaintiffs have advanced sufficient evidence to meet their low burden at this first tier of the similarly situated question.").

Plaintiff has clearly met his burden of proof on the "similarly situated" prong under *Hipp* for first-stage certification of a collective action.

### *Discovery is Irrelevant to Certification and Authorization of Notice*

The Eleventh Circuit has consistently recognized that discovery at the first notice stage is not necessary for the "similarly situated" determination. *See Grayson,* 79 F. 3d at 1099 (holding

13

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

that a district court *may*, but is not required to hold an evidentiary hearing prior to making its section 216(b) decision, particularly when the Defendant's rights are not substantially affected) (emphasis added in original); *Lloredo v. Radioshack Corp.,* 2005 WL 1156030, at *1 (S.D. Fla. May 12, 2005) (refusing to examine discovery in making its first stage similarly situated determination); *see also Harrison v. Enterprise Rent-A-Car Co.,* 1998 U.S. Dist. LEXIS 13131, at *13 (July 1, 1998) (holding that the possibility subsequent discovery might prove the original plaintiffs and the opt-in plaintiffs are not "similarly situated" does not defeat *conditional* class certification); *Schwed v. Gen. Elec. Co.,* 159 F.R.D 373, 375 (N.D.N.Y. 1995) ("Even where later discovery proves the putative class members to be dissimilarly situated, notice . . . prior to full discovery is appropriate as it may further the remedial purpose of the [FLSA]").

*Fact-Specific Inquiry is Conducted in the <u>Second</u> Stage of Certification*

Discovery is not necessary in first-stage certification because courts at this stage do not resolve factual disputes or make credibility determinations. *See Scott v. Heartland Home Finance,* 2006 WL 1209813, at *3 (N. D. Ga. May 3, 2006) (*citing Severtson v. Phillips Beverage Co.,* 141 F.R.D 276, 279 (D. Minn. 1992)); *Camper v. Home Quality Mgmt., Inc.,* 200 F.R.D. 516, 520 (D. Md. 2000) ("Factual disputes do not negate the appropriateness of court facilitated notice."). Discovery is not appropriate in first-stage certification because the Court is not making a *factual determination* regarding whether the putative class members are "similarly situated." *See Pendelbury,* at *3; *Brown v. Money Tree Mortgage, Inc.,* 222 F.R.D. 676, 682 (D. Kan. 2004) ("[T]he court will examine the individual plaintiffs' disparate factual and employment setting, as well as various defenses available to the defendant which appear to be individual to each plaintiff, during the 'second stage' analysis after the close of discovery."); *Goldman v. Radioshack Corp.,* 2003 WL 21250571, at *8 (E.D. Pa. Apr. 16, 2003) ("A fact-

specific inquiry is conducted only after discovery and a formal motion to decertify the class is brought by the defendant."). In *Scott,* the court held that it was not appropriate to address the merits of plaintiffs' claims or weigh evidence, and thus refused to consider the Defendant's arguments regarding variations in specific job duties, locations, working hours, or availability of various exemptions. 2006 WL 1209813, at *3; (*citing Pendelbury*, 2005 WL 82500, at *3 (factual matters regarding the applicability of exemptions to employees not appropriate at notice stage); *Moss v. Crawford & Co.,* 201 F.R.D. 398, 410 (W.D. Pa. 2000) ("[V]ariations in the plaintiffs' duties, job locations and hourly billing rates do not differentiate the collective class to the extent that it defeats the primary objectives of a section 216(b) action.").

The Collective Action Complaint and Affidavits provide sufficient evidence to warrant certification and notice in this action should be sent to all servers and bussers similarly situated to Plaintiff and employed by Defendants within the last three years. Given that the "similarly situated" determination at the notice stage is *preliminary*, Defendants will not be prejudiced by notice. Accordingly, Plaintiff's Motion to Certify Collective Action and Facilitate Notice to Potential 216(b) Class Members should be granted at this time.

## COURT-ORDERED NOTICE TO 216(B) CLASS MEMBERS

### *Court-Ordered Notice Should Be Posted in Defendants' Restaurant*

Plaintiff's proposed judicial notice is "timely, accurate, and informative." *See Hoffmann-La Roche,* 493 U.S. at 172. As such, the proposed notice achieves the ultimate goal of providing accurate and timely notice to employees concerning the pendency of the collective action, and thus it should be adopted. Plaintiff also requests that, in addition to permitting Plaintiff to notify the potential 216(b) Class Members by mail, this notice be posted at Defendants' Miami-Dade County, Florida restaurant, Prime Italian. Posting the notice where similarly situated employees

15

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

are employed serves to further the broad remedial purpose of the FLSA. *See Romero v. Producers Dairy Foods, Inc.,* 235 F.R.D. 474, 493 (E. D. Cal. Apr. 19, 2006 ) (finding that first class mail combined with posting provided for the "best notice practicable" to the potential class); *Veliz v. Cintas Corp.,* 2004 WL 2623909, at *2 (N.D. Cal. Nov. 12, 2004) (requiring employer to post notice and consent forms in all of its work sites); *Johnson v. Am. Airlines, Inc.*, 531 F. Supp. 957, 961 (N.D. Tex. 1982) (finding direct mail and posting on company bulletin boards reasonable).

### *Defendants Should Be Ordered to Produce Names, Last-Known Physical Addresses, and Email Addresses of 216(b) Class Members*

The opt-in provision of the FLSA requires some procedure for identifying and notifying potential class members. *Morden v. T-Mobile USA, Inc.,* 2006 WL 1727987, at *3 (W. D. Wash. June 22, 2006) (compelling defendant to produce names and addresses of *potentially* similarly situated employees, despite the fact that no conditional class certification motion was pending before the court). "The first step is to identify those employees who may be similarly situated and who may therefore ultimately seek to opt in to the action." *Id.* As such, early discovery of a mailing list is routinely disclosed in FLSA collective actions because the lists are necessary to facilitate notice. *See Hoffmann-La Roche,* 493 U.S. at 165; *see also Dietrich v. Liberty Square,* 230 F.R.D. 574, 581 (N.D. Iowa 2005); *Gieseke v. First Horizon Home Loan Corp.,* 408 F. Supp. 2d 1164, 1169 (D. Kan. Jan. 10, 2006).

In addition, the names and addresses of potential 216(b) Class Members are discoverable during the regular course of discovery even absent judicial notice because current and former putative class members are critical fact witnesses to this lawsuit. *Hoffmann-La Roche* acknowledged the existence of "alternative bases for the discovery, for instance that the

16

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

employees might have knowledge of other discoverable matter." 493 U.S. at 160; *see also Barton v. The Pantry, Inc.,* 2006 WL 2568462 (M.D.N.C. Aug. 31, 2006) (ordering defendant to produce a list of plaintiff's co-workers prior to conditional certification).

Thus, upon granting of Plaintiff's Motion, this Court should likewise order Defendants to provide Plaintiff with a list of all names, last-known physical addresses, and email addresses of putative class members in order to carry out notice.

## CONCLUSION

In light of the broad remedial provisions of the FLSA, *see, e.g., Prickett v. DeKalb County,* 349 F.3d 1294, 1296-97 (11th Cir. 2003), coupled with the lenient standard for conditional certification, and Plaintiff's allegations and Affidavits filed, the evidence submitted is more than sufficient to satisfy Plaintiff's relatively light burden of showing this Court that "there are [similarly situated] persons . . who have suffered wage and hour violations who would join this suit if they had notice of the suit." *See Barron, supra.*

WHEREFORE, Plaintiff JOSE SANTOS ALVAREZ, on behalf of himself and those similarly situated, respectfully requests the Court issue an Order:

(i) conditionally certifying a class of current and former servers and bussers who worked for Defendants within the last three years;

(ii) directing Defendants to produce to undersigned counsel within twenty (20) days a list containing the names and last known addresses of putative 216(b) Class Members who worked for Defendants during the last three years;

(iii) authorizing undersigned counsel to send a notice, in the form attached hereto as Exhibit 1, to all individuals whose names appear on the list produced by Defendants' counsel;

(iv)   any other relief that is just and appropriate.

Respectfully Submitted this 13th day of December, 2017.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **December 13, 2017**, I electronically filed the foregoing document via CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

18

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808