UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 1:17-CV-24452-SCOLA

JOSE SANTOS ALVAREZ, on behalf of himself
and other similarly situated,

    Plaintiff,

vs.

UNO RESTAURANT ASSOCIATES, INC. d/b/a
Prime Italian, a Florida for-profit corporation, and
MYLES CHEFETZ, an individual,

    Defendants.
_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO CERTIFY RULE 23 CLASS ACTION (D.E 13)

Defendants, UNO RESTAURANT ASSOCIATES, INC. d/b/a PRIME ITALIAN ("Prime Italian") and MYLES CHEFETZ ("Chefetz"), by and through their undersigned counsel, hereby file their Response in Opposition to Plaintiff's Motion to Certify Rule 23 Class Action ("Class Motion") (D.E. 13), and state as follows:

### Preliminary Statement

Plaintiff, JOSE SANTOS ALVAREZ ("Alvarez"), commenced this action seeking, *inter alia,* unpaid overtime and minimum wages under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et. seq. ("FLSA") and the Florida Minimum Wage Act ("FMWA") for himself and others.  Plaintiff, a former "busser" who worked for the Defendant Prime Italian, claims that, despite company policies to the contrary, he was required to share his tips with non-tipped employees throughout his employment, including "stockers" and "sweepers," and that this alleged practice violated the FLSA and the FMWA.  Plaintiff also claims that he was required to spend 20% or more of his work time performing non-tip producing side-work.  Plaintiff claims these violations

resulted in him not being properly paid minimum wages and overtime wages for the entirety of his employment. After Plaintiff filed the Complaint, two other former employees, who worked at Prime Italian as bussers, filed consents to join the subject lawsuit.

After filing a Motion for Conditional Certification pursuant to 216(b), to which the Defendants previously submitted their response in opposition, Plaintiff filed a Motion to Certify Rule 23 Class Action wherein he seeks class certification for all bussers and servers employed by the Defendants during the five (5) year period preceding this lawsuit who Plaintiff claims were similarly subjected to the unlawful compensation practices alleged in this lawsuit. As demonstrated herein, the Plaintiff's boilerplate Class Motion, which is brought for the sole purpose of stirring up litigation, unequivocally fails to meet the requirements for Rule 23 class certification. For this reason, Plaintiff's Class Motion should be denied in its entirety.

## Discussion of Law

**A.  Standard for Rule 23 Class Certification**

To establish that Rule 23 certification of a class is proper, Plaintiff must demonstrate that the putative class meets each requirement of Rule 23(a) of the Federal Rules of Civil Procedure, as well as at least one of the requirements in Rule 23(b). *Klay v. Humana, Inc.*, 382 F. 3d 1241, 1250 (11th Cir. 2004).  Under Rule 23(a), Plaintiff first must satisfy the requirements of "numerosity, commonality, typicality, and adequacy of representation." *See* Fed R. Civ. P. 23(a); *Valley Drug Co. v. Geneva Pharms, Inc.,* 350 F. 3d 1181, 1187-88 (11th Cir. 2003).  "Failure to establish any one of these four factors and at least one of the alternative requirements of Rule 23(b) **precludes** class certification." *Id* at 1188. (emphasis added).  "The court must ensure, through rigorous analysis, that each and every element of Rule 23 is established at the time of certification." *Bennett v. Hayes Robertson Group, Inc.,* 880 F. Supp. 2d 1270, 1277 (S.D. Fla. 2012).

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web:  gallup-law.com

B.      **Plaintiff Cannot Meet Rule 23's Numerosity Requirement**

The Plaintiff "bears the burden of making some showing, affording the district court the means to make a supported factual finding that the class actually certified meets the numerosity requirement." *Vega v. T-Mobile USA, Inc.,* 564 F. 3d 1256, 1267 (11th Cir. 2009). In this case, however, the Plaintiff has failed to satisfy this burden as he has not, and cannot, make the necessary showing to the Court. Specifically, the Plaintiff's Class Motion fails to establish that the proposed class is sufficiently numerous to satisfy the requirements of Rule 23(a)(1). To be sure, the Plaintiff alleges that the class he wishes to represent contains between 28-35 potential members, which includes himself and the two opt-in Plaintiffs. *See* (D.E. 1, 6 & 7). Notably, the alleged 28-35 member class consists of **both** bussers and servers; however, servers should be excluded from the class definition as they fail to meet the commonality requirements for Rule 23 certification, as addressed below. In addition to this, the Plaintiff has not identified a single server who he believes wishes to be part of this lawsuit nor has a single server voluntarily joined this lawsuit.

Accordingly, as the purported class would only consist of bussers, this would reduce the proposed class by half (i.e., from 28-35 to less than 20 class members), assuming the class is equally comprised of bussers and servers. A prospective class of this size does not satisfy the numerosity requirements under Rule 23. *See Cox v. Am. Cast Iron Pipe Co.,* 784 F. 2d 1546, 1553 (11th Cir. 1986) (stating that "[i]n general terms, the Eleventh Circuit has found that 'less than twenty-one [prospective class members] is inadequate [while] more than forty [is] adequate.'"); *CL–Alexanders Laing & Cruickshank v. Goldfeld,* 127 F.R.D. 454, 455–57 (S.D.N.Y.1989) (noting that when classes of fewer than 25 members have been certified, courts almost always have cited special circumstances warranting certification despite the small class size.).

Moreover, Prime Italian has offered sworn declarations of seven bussers and servers who dispute Plaintiff's claims and allegations advanced in the Complaint. *See* (D.E. 22-2, 22-3 & 22-4).

Based on the contents of their declarations, namely that they were never required to share tips with stockers and sweepers, these seven (7) individuals will not be participating in the subject lawsuit, which further reduces the size of the prospective class.

In light of the aforementioned, the Plaintiff is unable to satisfy the numerosity requirement to warrant class certification. *See Kendrick v. Jim Walter Homes, Inc.,* 545 F. Supp. 538 (S.D. Ind. 1980) (denying motion for class certification because the numerosity requirement was not met when the proposed class totaled 42 plaintiffs); *Crawford v. Western Elec. Co.,* 614 F. 2d 1300, 1305 (5th Cir. 1980) ("We certainly cannot say that a class of 34 satisfies the numerosity requirements as a matter of law"); *see also, Lawrence v. Town of Irondequiot,* 246 F. Supp. 2d 150, 173 (W.D.N.Y. 2002) (holding that 33 class member, all located in one area, did not satisfy the numerosity requirement).

### 1. As Joinder Is Practical, the Numerosity Requirements Cannot be Satisfied

"[T]he focus of the numerosity inquiry is not whether the number of proposed class members is 'too few' to satisfy the Rule, but 'whether joinder of proposed class members is impractical.'" *Bacon v. Stiefel Lab., Inc.,* 275 F.R.D. 681, 690 (S.D. Fla 2011). The numerosity requirement "does not demand that joinder would be impossible, but rather that joinder would be extremely difficult or inconvenient." *Leszcynski v. Allianz Ins.,* 176 F.R.D. 659, 669 (S.D. Fla. 1997). When making this determination, courts are to consider the geographic dispersion of the class members, judicial economy, and the ease of identifying the members of the class and their addresses. *Id.*

In his Class Motion, the Plaintiff argues that joinder is impractical in this case because (1) potential class members live in several different areas; and (2) that the food and beverage industry statistically has one of the highest employee turnover rates making notice and joinder a challenge. These contentions are false and fail to establish that joinder is impractical here. Indeed, first, Prime

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

Italian is a single restaurant located in Miami Beach, Florida. It is not a chain restaurant with several locations throughout the county, state, or other area. As such, all potential class members worked at Prime Italian's one location, and it is reasonable to believe that they lived within a relatively close proximity to the restaurant. Significantly, the Plaintiff has offered no evidence, and there is simply no reason to believe, that the putative class members are dispersed throughout the state or country as he contends. Additionally, the fact that Plaintiff, who worked for Prime Italian until October 2017, was able to locate both opt-in Plaintiffs, who have not worked for Prime Italian since October 2014 and June 2015 and notify them about this lawsuit, is illustrative of the fact that there are no geographic challenges rendering joinder impractical.

Second, despite Plaintiff's unsubstantiated claim that the food and beverage industry has one of the highest employee turnover rates, Prime Italian is a high-end restaurant that has a very low turnover rate. This is evidenced by the declarations of Prime Italian's employees, most of who have worked for Prime Italian for five or more years. (*See* D.E. 22-2, 22-3 & 22-4). In fact, even the Plaintiff worked for Prime Italian for more than five years. This is illustrative of Prime Italian's low turnover rate, and the Plaintiff's claims to the contrary are categorically false.

As demonstrated above, the Plaintiff has failed to establish that joinder is impractical so as to satisfy the numerosity requirements for class certification under Rule 23, and thus, the Court should look no further and deny Plaintiff's Motion.

**C.     There Is No Commonality Among The Putative Class**

"Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury…'" *Walmart Stores v. Dukes,* 564 U.S. 338, 350, (U.S. 2011). Rule 23 requires the Court to focus not on "the raising of common 'questions' – even in droves – but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Id.* Commonality exists if a class action involves "issues that are susceptible to class wide proof."

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web:  gallup-law.com

*Murray v. Auslander,* 244 F. 3d 807, 811 (11th Cir. 2001).  The requirement is satisfied "where plaintiffs allege common or standardized conduct by the defendant directed toward members of the proposed class." *Elkins v. Equitable Life Ins. of Iowa,* 1998 WL 133741, *11 (M.D. Fla. 1998).  Lastly, and perhaps most importantly, "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Dukes,* 564 U.S. 338.

From a cursory review of the Class Motion, it is evident that the Plaintiff has failed to present the necessary allegations to demonstrate commonality.  Rather, the Plaintiff simply asserts that bussers and servers were required to participate in an illegal tip pool in violation of the FMWA and, in support thereof, references two virtually identical affidavits from former bussers parroting Plaintiff's wage claims and allegations.  Aside from these two affidavits, the Plaintiff does not present any evidence whatsoever that servers were subjected to the same alleged unlawful policy as the bussers.  The Plaintiff has not identified a single server who purportedly suffered the same injury as the bussers nor has any server voluntarily chosen to join this lawsuit alleging to have sustained the same injury.  As a result, the Plaintiff simply has failed to show commonality amongst bussers and servers as required for a Rule 23 class.

Furthermore, all seven (7) of the declarations submitted by the Defendants, which make up approximately 20% of Plaintiff's putative class, directly contradict Plaintiff's allegations and demonstrate that there is no commonality amongst the putative class.  For instance, Defendants' sworn declarations state that ***only*** bussers chose to voluntarily share their tips with sweepers, which was not done pursuant to any company policy or pressure from management.  *See* (D.E. 22-2, 22-3, & 22-4).  Servers, on the other hand, never elected to share tips with sweepers.  *See Id.*

Moreover, these declarations illustrate several other issues with Plaintiff's commonality argument.  In particular, Plaintiff maintains that all bussers and servers were required to share tips with stockers and sweepers throughout the relevant time period; however, this was not the case.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web:  gallup-law.com

Specifically, Prime Italian has never required its bussers and servers to share tips with stockers or any non-tipped employee, which is corroborated by the declarations. Additionally, Prime Italian eliminated the stocker position from its restaurant in 2015. *See* (D.E. 22-3). As a result, bussers and servers who worked for Prime Italian after 2015 could not have been subjected to the same alleged violation involving stockers as those who worked for Prime Italian prior to 2015.

Put simply, Plaintiff's claims do not "generate common answers apt to drive the resolution of the litigation," and thus cannot be pursued as a class action. Rather, Plaintiff's claimed requirement to share tips is factually unique to each busser and server and, as Defendants have demonstrated, would result in a different response depending on when each putative class member was employed. Additionally, the declarations offered by Defendants show that the Court would be required to conduct an initial inquiry as to each putative class member to determine whether their participation in an alleged illegal tip pool was mandatory or voluntary. As such, the claims of Plaintiff's putative class may not be resolved "in one stroke" *Dukes,* 131 U.S. at 2551, and class certification is not warranted in this case due to lack of commonality.

**D.      Plaintiff is Unable To Establish Typicality**

Typicality differs from commonality in that it focuses on the named class representative's individual characteristic in comparison to the proposed class. *Piazzav. EBSCO Indus. Co.,* 273 F. 3d 1341, 1346 (11th Cir. 2001). Therefore, typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed R. Civ. P. 23(a)(3). Typicality is satisfied where the named plaintiff's claims "arise from the same event or pattern or practice and are based on the same legal theory" as the claims of the class. *Kornberg v. Carnival Cruise Lines, Inc.,* 741 F. 2d 1332, 1337 (11th Cir. 1984). The main focus of the typicality requirement is that the plaintiff will advance the interests of the class members by advancing his own interests. *Agan v. Katzman & Koor, P.A.* 222 F.R.D. 692, 698 (S.D. Fla. 2004).

Here, Plaintiff's Class Motion offers very little to support his contention that his claims are typical to those of the putative class. Specifically, Plaintiff argues in his Class Motion that Defendants required servers and bartenders[1] to share their tips with stockers and sweepers. Plaintiff offers two virtually identical affidavits from both opt-in Plaintiffs, who like Plaintiff were both bussers for Prime Italian, stating that they too were required to share tips with stockers and sweepers. *See* (D.E. 7 & 16). The affidavits of only two former employees fall woefully short of establishing typicality among an entire class. Notably, Plaintiff is unable to identify a uniform written policy, or any company policy for that matter, to support his position that ***all*** servers and bussers were required to share their tips with non-topped employees.

Defendants, on the other hand, offer detailed sworn declarations from seven (7) bussers and servers who have worked for Prime Italian during various periods of time. *See* (D.E. 22-2, 22-3 & 22-4). Defendants also offer a sworn declaration from Cheryl Barr who has been Prime Italian's general manager for approximately the past five (5) years. These declarations show several differences between bussers and servers and demonstrate that Plaintiff's claims are not typical of those in the class he seeks to represent. *Id.* In fact, a great percentage of the potential class (approximately 20%) attest to the fact that they were never required to share tips with non-tipped employees.

Rather than provide sufficiently detailed allegations of a class-wide violation that includes both bussers and servers, Plaintiff attempts to persuade this Court that class certification is appropriate based purely on the affidavits of two former bussers. Based on the evidence submitted by Defendants, however, it is abundantly clear that Plaintiff's claims are not typical to the purported claims of the class. Prime Italian never required servers and bussers to share tips with non-tipped employees. As a result, Plaintiff cannot establish typicality. *Dukes,* 131 S. Ct. at 2550-51.

---

[1]. Defendants assume Plaintiff meant to refer to bussers not bartenders.

### E.     Plaintiff Cannot Adequately Represent the Purported Class

Plaintiff cannot meet the requirements of Rule 23(a) because he cannot adequately represent the prospective class members. Under Rule 23(a)(4), the Court must be satisfied that the "representative parties will fairly and adequately protect the interests of the class." This requirement is satisfied when (i) the class representatives have no interests conflicting with the class; and (ii) the representative and their attorneys will properly prosecute the case. *Sonsa v. Iowa,* 419 U.S. 393, 403, 95 S. Ct. 553, 42 L. Ed 2d 532 (1975).

In this case, Plaintiff worked continuously for Prime Italian as a busser for nearly five (5) years.  Plaintiff has not provided any evidence whatsoever that he complained to any managerial or supervisory personnel at Prime Italian about the alleged tip wage violations at issue.  Instead, Plaintiff's affidavit states that he was unaware of his rights pertaining to minimum and overtime wages during his employment; however, he has nevertheless elected to pursue a claim for retaliatory discharge asserting he was terminated for complaining about FLSA and FMWA violations during his employment. (D.E. 1, 6 at § 8).  The Plaintiff fails to reconcile how he was terminated for pursuing rights he was unaware he had.  The Plaintiff's actions are, at best, disingenuous and demonstrate that the Plaintiff is not of "sufficient moral character to represent a class," which should be considered by the Court when making this determination. *Noble v. 93 Univ. Place Corp.,* 224 F.R.D. 330, 339 (S.D.N.Y. 2004); *see Gortat v. Capala Bros.,* 257 F.R.D. at 364 (class representative need not be morally upstanding; rather, "he or she must not have damaged his or her credibility regarding those issues that are central to the action").

Furthermore, the Plaintiff's retaliation claim is brought on behalf of himself only and not on behalf of the putative class.  Accordingly, the Plaintiff would be the only member of the putative class asserting a retaliation claim and thus would be required to pursue that claim while also attempting to establish and prove FMWA violations on behalf of the other class members. This may

create a conflict with respect to the Plaintiff's priorities and objectives, compromising the Plaintiff's willingness and/or ability to adequately protect the interests of the putative class. Accordingly, Plaintiff is unable to establish the requirements of Rule 23(a)(4).

**F.   Plaintiff Cannot Establish Rule 23(b)(3)**

Notwithstanding the above, in the event the Court determines that Plaintiff can establish *every* factor under Rule 23(a), the Plaintiff's Class Motion still must fail has he cannot establish the requirements under Rule 23(b)(3), as illustrated below.

A Rule 23(b)(3) class action may be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Rule 23(b)(3). The test for predominance is whether, "after the adjudication of classwide issues, plaintiffs must still introduce a great deal of individualized proof." *Vega,* 564 F. 3d at 1270.  In other words, "if the addition of more plaintiffs to a class requires the presentation of significant amounts of new evidence that strongly suggests that individual issues … are important," the alleged class does not comply with the requirements of Rule 23(b)(3).  *Id.*   In this case, as illustrated above, the individualized issues among the putative class members clearly predominate and call for an individualized approach to the claims.

Additionally, under Rule 23(b)(3), Plaintiff must also show "that a class action is superior to other available methods for adjudicating the controversy." *Id* at 1265.  Currently there are 3 bussers who believe their rights were violated.  Conversely, Defendants submitted declarations from seven (7) employees, both bussers and servers, who swear there were no wage violations committed and admit they are not owed any unpaid wages.  That leaves a maximum of 25 potential class members (based on Plaintiff's approximation of the putative class).

Further, Plaintiff, who worked for Prime Italian for the past 5 years, can easily identify the other alleged class members and notify them of this case. This is not a nationwide or even a statewide claim against an employer with multiple locations. Rather, this is a single restaurant located on Miami Beach, and the Plaintiff has already been able to identify two bussers to join this lawsuit. It would be neither fair nor efficient to force the other purported class member to join this class, some of whom have already affirmatively disclaimed participation, into a class with Plaintiff against their will.

For the foregoing reasons, this Court must deny Plaintiff's Motion.

## Conclusion

WHEREFORE, Defendants respectfully request that the Court deny Plaintiff's motion.

Respectfully submitted,

**GALLUP AUERBACH**

Jacob Auerbach, Esq.
4000 Hollywood Boulevard
Suite 265 South
Hollywood, Florida 33021
Phone: (954) 894-3035
jauerbach@gallup-law.com

By: **/s/ *Jacob K. Auerbach***
    Jacob K. Auerbach
    FBN: 084003

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 28th[th] day of January 2018, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronic Notices of Electronic Filing.

By: **/s/ *Jacob K. Auerbach***
Jacob K. Auerbach
FBN: 084003

### SERVICE LIST
ALVAREZ v. UNO RESTAURANT ASSOCIATES, INC. d/b/a Prime Italian et al
**CASE NO.: 1:17-CV-24452-SCOLA**

| | |
|---|---|
| Jacob K. Auerbach, Esq. | Robert W. Brock II, Esq. |
| FBN: 084003 | FBN: 75320 |
| e: jauerbach@gallup-law.com | e: robert@kuvinlaw.com |
| **GALLUP AUERBACH** | **LAW OFFICE OF LOWELL J. KUVIN** |
| 4000 Hollywood Boulevard | 17 E. Flagler Street |
| Suite 265 South | Suite 223 |
| Hollywood, Florida 33021 | Miami, FL 33131 |
| T: 954.894.3035 | T: (305) 358-6800 |
| F: 954.894.8015 | F: (305) 358-6808 |
| *Attorney for Defendants* | *Attorney for Plaintiff* |
| Via CM/ECF | Via CM-ECF |