United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jose Santos Alvarez, Plaintiff, <br><br> v. <br><br> Uno Restaurant Associates, Inc. d/b/a Prime Italian and Myles Chefetz, Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 17-24452-Civ-Scola <br> ) |

## **Omnibus Order on Motion for Conditional Certification of Collective Action and Motion for Class Certification**

This matter is before the Court on Plaintiff Jose Santos Alvarez's motions to conditionally certify a collective action under 29 U.S.C. § 216(b) and facilitate notice to those class members (ECF No. 8), and for Federal Rule of Civil Procedure 23 class certification (ECF No. 13). Upon review of the record, the parties' briefs, and the relevant legal authorities, Alvarez's motions are **denied** (**ECF Nos. 8, 13**).

### **1. Background**

Alvarez filed suit against his former employers, Defendants Uno Restaurant Associates, Inc., d/b/a Prime Italian, and Myles Chefetz, claiming violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and Florida's fair minimum wage laws, Article X, § 24 of the Florida Constitution and Fla. Stat. § 448.110. (Complaint, ECF No. 1.) Alvarez worked as a busser for the Defendants in a restaurant called Prime Italian in Miami Beach, Florida, from approximately February 2012 to October 2017. (Compl. ¶¶ 19–20.) As a busser, Alvarez was an hourly-paid, tipped employee. (*Id.* at ¶¶ 9, 20.) Alvarez claims that during the relevant period, he and other tipped employees, and in particular, other bussers and servers, were forced to share their tips with non-tipped employees such as stockers and sweepers, denied minimum and overtime wages, and forced to perform non-tip-producing side work. (*Id.* at ¶¶ 23, 26–31.)

Alvarez seeks, on behalf of himself and others similarly situated, unpaid minimum wages and overtime wages, liquidated damages, and a declaration of rights. Alvarez brings certain claims on behalf of a proposed FLSA collective action and others on behalf of a purported Rule 23 class. He also seeks relief for retaliatory discharge under 29 U.S.C. § 215(A)(3), which is not at issue here.

### 2. Analysis

The Eleventh Circuit recently clarified that although an "FLSA collective action and a Rule 23(b)(3) class action may be fundamentally different creatures . . . they are not 'irreconcilable,'" so a plaintiff can attempt to bring both types of actions in the same lawsuit. *Calderone v. Scott*, 838 F.3d 1101, 1104, 1107 (11th Cir. 2016). Now before the Court are Alvarez's two class motions. In his first motion, Alvarez asks the Court to conditionally certify an FLSA collective action under § 216(b). (Section 216(b) Motion, ECF No. 8). In his second motion, Alvarez asks the Court to certify a Rule 23 class. The Court evaluates each motion in turn. (Rule 23 Motion, ECF No. 13.)

### A. FLSA Collective Action under Section 216(b)

The FLSA allows a plaintiff to bring an action, which has become known as a collective action, for unpaid minimum wages, or unpaid overtime compensation (and an additional equal amount as liquidated damages) on behalf of himself and other similarly situated employees. 29 U.S.C. § 216(b). Unlike a Rule 23 class action, participants in a § 216(b) collective action must affirmatively opt-in, and the Court evaluates a plaintiff's motion for collective action certification using a different, more lenient standard. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259, 1261 (11th Cir. 2008).

The Eleventh Circuit has endorsed a two-stage process to determine whether it is appropriate to maintain an FLSA case as a collective action. *Id.* at 1260. The two stages have become known as the "notice" or "conditional certification stage" and the "decertification stage." *Id.* at 1260–61. "The second stage is triggered by an employer's motion for decertification." *Id.* at 1261.

Alvarez presently asks the Court to conditionally certify his proposed class and to facilitate notice to those class members. At this first stage, the Court must determine whether similarly situated employees should be notified that they can opt into the class. *Id.* at 1260–61. "[B]efore facilitating notice, a district court should satisfy itself that there are other employees . . . who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Id.* at 1259 (quoting *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567–58 (11th Cir. 1991)); *see also Bennett v. Hayes Robertson Grp., Inc.*, 880 F. Supp. 2d 1270, 1282–83 (S.D. Fla. 2012) (King, J.) (stating that a court "may grant conditional certification if a plaintiff demonstrates a reasonable basis to believe that: (1) there are other employees of the Defendant who desire to opt-in and (2) that these other employees are similarly situated with respect to their job

requirements and with regard to their pay provisions") (internal quotation marks and citations omitted).

The plaintiff has the burden of proving that there are other similarly situated employees who want to opt into the class, but courts have recognized that the standard for this determination is a flexible one. *Morgan*, 551 F.3d at 1260–61 (citations omitted); *Guerra v. Big Johnson Concrete Pumping, Inc.*, No. 05-14237, 2006 WL 2290512, at *3 (S.D. Fla. May 17, 2006) (Lynch, Mag. J.) (recognizing that the collective action standard is less stringent than what is required for joinder, Rule 23 class action certification, and severance under Rule 42). The Eleventh Circuit has instructed that under § 216(b), courts must determine whether the employees who the plaintiff claims are members of the class and would want to join are "similarly situated—not whether their positions are identical." *Morgan*, 551 F.3d at 1260.

Nevertheless, to be successful, plaintiffs must provide more than just unsupported assertions, and often provide affidavits in support of their pleadings for the Court to consider. *See, e.g., id.*, at 1261, 1262 n.41; *Bell v. Mynt Entm't, LLC*, 223 F.R.D. 680, 683 (S.D. Fla. 2004) (Jordan, J.). A plaintiff's burden at the notice stage is satisfied by making "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Blake v. Batmasian*, 197 F. Supp. 3d 1367, 1371 (S.D. Fla. 2016) (Marra, J.) (quoting *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996)).

Here, Alvarez asks the Court to certify an opt-in class comprised of:

> All bussers and servers ("tipped employees") who worked for Defendants during the three (3) years preceding this lawsuit and who, as a result of Defendants' policy of requiring them to share their tips with non-tipped employees, earned less than the applicable minimum regular and overtime wage for one or more weeks during the Relevant Time Period.[1]

Alvarez claims that there are similarly-situated employees who would want to opt into the class. He submits his own affidavit and the affidavit of a former employee of the Defendants and opt-in Plaintiff, Melvis Garcia, who was

---

[1] There are conflicting definitions in the record for the term "Relevant Time Period." The complaint refers to the "Relevant Time Period" as the period during which Alvarez was employed by the Defendants (Compl. ¶ 20, ECF No. 1), while his motion for conditional certification refers to this period as being "within the last three years" (ECF No. 8 at 2). For purposes of the statute of limitations for FLSA actions, the only relevant period would either be two or three years before the filing of the complaint based on whether the Defendants' acts were willful violations of the FLSA. *See* 29 U.S.C. § 255(a). The Court need not determine which period applies at this time.

employed as a busser for the Defendants from November 2013 to June 2015, in support.[2] (Garcia Affidavit ¶ 1, ECF No. 7.) Garcia swears in his affidavit that he was a tipped employee who suffered the same alleged wrongs as Alvarez. (Id. at ¶¶ 3–6.) Alvarez argues that the proposed class members are similarly situated because they provided "service to dining customers" and were subjected to the same improper policies and practices. (Section 216(b) Motion, ECF No. 8 at 4; *see also* Compl. ¶¶ 35, 36, ECF No. 1.)

In opposing Alvarez's motion, the Defendants argue that Alvarez has failed to demonstrate that there are similarly-situated employees who would want to join the class. They assert that Alvarez's supporting affidavits fail to provide sufficient detail about the alleged violations and how the alleged class members are similarly situated, especially given that Alvarez wants to include "servers" and "bussers" in the same class. The Defendants argue that bussers and servers "have entirely different job duties, work with different employees in the restaurant, have different supervisors, and receive different forms of compensation." (Opp. to Section 216(b) Motion, ECF No. 22 at 9.) The Defendants also argue that judicial economy would not be served by allowing this case to proceed as a collective action.

Although the standard at this stage is lenient, Alvarez has failed to meet it. The Court recognizes that other courts have conditionally certified collective actions based on only a handful of affidavits. *See Degrace v. SOS Furniture Co.*, No.: 1:13-CV-24495-UU, 2014 WL 12531535, at *2–*3 (S.D. Fla. June 18, 2014) (Ungaro, J.) (discussing cases). However, it is not the *number* of the affidavits that necessarily triggers conditional certification, but instead the *content* of them that matters. *See id.* Neither the complaint nor the two affidavits Alvarez relies on provide a reasonable basis for the Court to conditionally certify a class and facilitate notice to them.

Importantly, Alvarez's complaint and his supporting affidavits are devoid of any detail explaining how bussers and servers are similarly situated and say nothing about the respective job duties associated with either position. Alvarez also fails to provide any evidence that a server would want to join the class since no server has filed an affidavit or consent to join the class. It is not enough that Alvarez and the purported class members were tipped employees who served restaurant patrons. Even if the Court were to find that the complaint's allegations and affidavits provide enough information to support

---

[2] The Court will not consider evidence related to Jose Calix, another employee who has submitted an affidavit, since Alvarez has stricken his notice of consent to join the collective action from the record (ECF Nos. 15, 29) and concedes in his reply that Calix's employment with the Defendants ended in October 2014, which would fall outside even a three-year statute of limitations period. (Reply in Support of Section 216(b) Motion, ECF No. 27 at 9).

that the conclusion that Alvarez and the other tipped employees were subject to the same payment provisions and alleged wrongs, Alvarez has not provided the Court with enough information about how the proposed class members are similarly situated.

Other courts in this Circuit and this Court have concluded that when a plaintiff fails to sufficiently allege how other employees are similarly situated, conditional certification is improper. *See Blake*, 197 F. Supp. 3d at 1374–75 (denying § 216(b) motion as to proposed sub-group because the plaintiff "failed to provide any factual allegations as to how the respective job duties of the members of the proposed subgroups [were] similar to his own"); *Cohen v. Allied Steel Bldgs., Inc.*, 554 F. Supp. 2d 1331, 1334 (S.D. Fla. 2008) (Zloch, J.) ("Other than the fact that they allege that others were not paid overtime wages, Plaintiffs fail to provide any factual allegations as to how they are similarly situated with other employees through a description of their respective job duties and those done by others who were 'inside sales' representatives."); *Rojas v. Uber Technologies, Inc.*, No. 16-23670, 2017 WL 2790543, at *3 (S.D. Fla. June 27, 2017) (Scola, J.) (rejecting a plaintiff's reliance on documents that did not "concern the specific job requirements and pay provisions of potential opt-in plaintiffs" when determining that conditional certification was not appropriate); *Brooks v. A Rainaldi Plumbing, Inc.*, No. 6:06-cv-631-Orl-31DAB, 2006 WL 3544737, at *2 (M.D. Fla. Dec. 8, 2006) (denying motion for conditional certification in part because the plaintiffs did not demonstrate that the employees had similar job descriptions or pay structures). "[T]he initial burden for certification is low, but it is not invisible." *Cohen*, 554 F. Supp. 2d at 1334 (internal quotation marks and citation omitted). The Court finds that Alvarez has not provided the Court with sufficient information to hold that the other purported class members are similarly situated.

The Defendants have also presented argument backed by eight affidavits, which indicate that, in fact, bussers and servers do not have the same job duties, that the restaurant has not employed stockers for years, and that neither bussers nor servers have been required to share their tips during any relevant period. (*See* Defendants' Affidavits, ECF No. 22-1–4.) Although this kind of evidence is usually evaluated in the decertification stage, even without considering the merits of the affidavits, the Defendants' evidence highlights the inadequacy of Alvarez's assertions. *Cohen*, 554 F. Supp. 2d at 1334 (considering affidavits submitted by Defendants to the extent their "factual specificity highlights the cursory or inadequate allegations that Plaintiff has made to support a proposed class"). *But see Bennett*, 880 F. Supp. 2d at 1284 (explaining that at the notice stage, it is the "defendant's burden . . . to attempt to demonstrate that a plaintiff has presented *insufficient*, not factually wrong,

evidence")(quoting *Reyes v. AT&T Corp.*, 801 F. Supp. 2d 1350, 1358 (S.D. Fla. 2011) (Cooke, J.)).

Based on the information provided by Alvarez thus far, the Court must deny his motion (ECF No. 8) for conditional class certification and notice. The Court now turns to Alvarez's motion for class certification pursuant to Rule 23, which provides its own—more demanding—standard for certification.

### B. Rule 23 Class Action

The Court's decision to certify a traditional class action is governed by Federal Rule of Civil Procedure 23. The "putative class must meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as at least one of the requirements set forth in 23(b)." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009) (internal quotation marks and citations omitted). The party seeking certification must demonstrate: "(1) that the class is so numerous that joinder of all members is impracticable; (2) that there are questions of law or fact common to the class; (3) that the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) that the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

"The burden of proof to establish the propriety of class certification rests with the advocate of the class." *Vega*, 564 F.3d at 1265 (quoting *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1187 (11th Cir. 2003)). Here, Alvarez claims that all of the requirements of Rule 23(a) are met and that he can satisfy the requirements of Rule 23(b)(3). (Rule 23 Motion, ECF No. 13; Compl. ¶ 50, ECF No. 1.) In evaluating Alvarez's motion, the Court "must conduct a rigorous analysis of the [R]ule 23 prerequisites before certifying a class." *Vega*, 564 F.3d at 1266 (quoting *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996)). Frequently, "that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011)

If Alvarez fails to establish any one of the Rule 23 factors, the Court is precluded from certifying the class. *Valley Drug Co.*, 350 F.3d at 1188. "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Dukes*, 564 U.S. at 350 (internal quotation marks and citations omitted).

Alvarez asks the Court to certify a class comprised of:

> All bussers and servers ("tipped employees") who worked for Defendants during the five (5) years preceding this lawsuit and who, as a result of Defendants' policy of requiring them to share their tips with non-tipped employees, earned less than the applicable minimum wage for one or more weeks during the Relevant Time Period.[3]

(Comp. ¶ 49, ECF No. 1; Rule 23 Motion, ECF No. 22 at 1.) The Defendants assert that Alvarez fails to meet any of Rule 23's threshold requirements, so his motion to certify a class should be denied.

The Court concludes that class certification is improper at this time because Alvarez has failed to demonstrate that the numerosity and commonality requirements have been met. As a result, the Court need not evaluate the other Rule 23 requirements and must deny Alvarez's motion for class certification.

### (1) Numerosity

Alvarez claims that the proposed class is estimated to be between 28 and 36 individuals, including himself, and that the numerosity requirement of Rule 23(a)(1) is met because other factors, such as the fact that this case arises from a restaurant context in which there are generally high employee turnover rates, and that the class members may be reluctant to sue for fear of being "black-listed," make joinder impractical. (Rule 23 Motion, ECF No. 13 at 5.) Upon review of the record and relevant legal authorities, the Court concludes that the numerosity requirement is not satisfied.

Rule 23(a)(1) requires a class to be so numerous that joinder of all members would be impractical. A plaintiff is required "to show some evidence or reasonably estimate the number of class members beyond mere speculation, bare allegations, and unsupported conclusions." *Kubiak v. S.W. Cowboy, Inc.*, No. 3:12–cv–1306–J–34JRK, 2014 WL 2625181, at *12 (M.D. Fla. June 12, 2014) (citing cases) (internal quotation marks omitted). "The proper focus for the numerosity requirement is whether the joinder of all class members would be impracticable in view of their number and all other relevant factors." *Id.* The

---

[3] As discussed in footnote 2, the complaint defines the "Relevant Time Period" as Alvarez's employment period. (Comp. ¶ 20, ECF No. 1.) Alvarez refers to the "Relevant Time Period" in his Rule 23 motion as the period "within the last five years." (Rule 23 Motion, ECF No. 13 at 2.) The relevant statute of limitations period for enforcing Florida's minimum wage laws is either four or five years, depending on whether the Defendants alleged acts was willful. *See* Fla. Stat. §§ 95.11(2)(d) & (3)(q); Art. X, § 24(e). Again, the Court need not decide which statute of limitations applies at this juncture given its ruling on Alvarez's motion.

Eleventh Circuit has explained that generally less than 21 prospective members is inadequate to meet the numerosity requirement and more than 40 is adequate to do so, with numbers in between varying according to other factors. *Vega*, 564 F.3d at 1267. These factors include, "for example, the size of the class, ease of identifying its numbers and determining their addresses, facility of making service on them if joined and their geographic dispersion." *Kilgo v. Bowman Transp., Inc.*, 789 F.2d 859, 878 (11th Cir. 1986); *see also Kubiak*, 2014 WL 2625181, at *12.

Although Alvarez has asserted that the class would include 28 to 36 individuals, in reviewing his motion and supporting affidavits, the Court is left with little information about how Alvarez reached this number. The complaint alleges that the class consists of "more than twenty-five (25) class members" (Compl. ¶ 51, ECF No. 1), and the affidavits cited to by Alvarez do not provide further explanation for how Alvarez reaches the 28 to 36 calculation range. Further, Garcia's consent to join notice specifically references the FLSA collective action and says nothing about the Rule 23 class (ECF No. 5), which leaves the Court with little evidence to suggest the proposed class meets the numerosity requirement. The Court is bound to avoid "an exercise in sheer speculation" when considering whether the numerosity requirement is met. *See Vega*, 564 F.3d at 1267; *see also Kubiak*, 2014 WL 2625181, at *13 (concluding that, although there was "some uncertainty" as to exact number of class members, Rule 23(a)(1) was satisfied in part because the plaintiff had presented declarations stating how many servers worked at the restaurants and there were 12 servers who had already chosen to join the action).

Even assuming that this range represents an accurate count, the Court is not convinced that joinder would be impractical. First, there is no evidence that the proposed class members are geographically dispersed. In fact, Alvarez does not argue that they are. And, as pointed out by the Defendants, this case involves one restaurant location. Unlike other cases in which other courts have found that the proposed class members were geographically dispersed, the fact that this case only involves one restaurant suggests that geographical dispersion does not weigh in favor of finding that the numerosity requirement is met. *See Kilgo*, 789 F.2d at 878 (concluding that the numerosity requirement had been satisfied in case where the plaintiff identified at least 31 individual class members who were geographically dispersed across multiple states). Moreover, Alvarez's assertion that a "[c]lass action is especially favored in this cause of action where Defendants operate a food and beverage operation, which statistically have one of the highest employee turnover rates, making notice and joinder a challenge" (ECF No. 13 at 5) is made without citation. The only evidence present in the record suggests that the Defendants' restaurant likely

does not suffer from such turnover problems, as indicated by the fact Alvarez and the employees who submitted affidavits on the Defendants' behalf have worked at the restaurant for years, making it that much easier to have the relevant employees join a suit. Alvarez's unsupported claim that the class members may fear being blacklisted or suffer from retaliation is insufficiently convincing to meet the numerosity requirement.

Therefore, the Court finds that even the first Rule 23(a) factor is not met. There is no basis for the numbers Alvarez provided to the Court, and even taking those numbers at face value, the other relevant factors indicate that joinder would not be impractical.

### (2) Commonality

Even if the Court were to assume that the numerosity requirement is satisfied, Alvarez has failed to prove that Rule 23's commonality requirement is met. Rule 23(a)(2) requires that a plaintiff show that "there are questions of law or fact common to a class." The Supreme Court has clarified that this requirement is not met simply by raising common questions, and that "[c]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury" and that their claims depend on a "common contention." *Dukes*, 564 U.S. at 349–50 (internal quotation marks and citations omitted). As a result, what matters for class certification is "the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* (citation omitted). "Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." *Id.* (citation omitted).

Alvarez argues that there are common questions concerning whether all servers and bussers were required to share their tips with non-tipped employees and to participate in an improper tip pool. (Rule 23 Motion, ECF No. 13 at 6–7.) Alvarez cites to his and Garcia's affidavits in support, and makes no attempt to consider whether common answers will arise.

The Defendants respond with numerous bases for finding that the Alvarez's proposed class does not satisfy the commonality requirement set forth in Rule 23(a)(2). In particular, they argue that their evidence indicates that there was no policy that required bussers or servers to share their tips with non-tipped employees, and that there are questions that would not generate common answers, such as whether tipped employees were sharing their tips voluntarily.

The Court concludes that Alvarez has failed to present sufficient evidence to demonstrate that all of the purported class members have suffered the same

injury and that common answers will result from a class action. First, Alvarez provides little detail about how the Defendants "required" the tipped employees to share their tips with non-tipped employees and how all class members were impacted in the same way. The complaint and Alvarez's supporting affidavits also do not account for the differing positions within the class or the fact that there were no stockers employed at the restaurant after 2015. This lack of information requires the Court to conclude that Alvarez has not established that there is a common injury presented by the purported class. *See Dukes*, 564 U.S. at 359 (concluding that dissimilarities in class members' experiences and lack of "convincing proof of a companywide discriminatory pay and promotion policy" required it to find that the there was no common question); *Bennett*, 880 F. Supp. at 1280–81 (concluding that plaintiffs failed to present evidence or allege facts that supported a finding that "tip credit" policy injured all class members in the same way since there was no evidence of how the employer violated the tip exemption statute).

Further, the Defendants' evidence that servers and bussers may have *voluntarily* shared their tips with non-tipped employees is significant. *See Kubiak*, 2014 WL 2625181, at *14. Although Alvarez has submitted two affidavits supporting the claim that two bussers, he and Garcia, were "required to share" tips with stockers and sweepers, the Defendants have submitted several affidavits from bussers and servers claiming that they were not required to share their tips during the relevant period, but that at times, they voluntarily shared tips. (Defendants' Affidavits, ECF No. 22-2–4.) This competing evidence suggests that initial inquiries about how the policy was conveyed, discussed, and implemented would have to be conducted, which causes the commonality requirement to "fall[ ] apart." *See Kubiak*, 2014 WL 2625181, at *14 (concluding that competing evidence about whether tipped employees were forced to share their tips was voluntary or mandatory meant that the Court would be forced to make individual inquiries about whether participation in the tip pool was "voluntary, required or coerced").

Given that the Plaintiff has failed to establish numerosity and commonality under Rule 23(a), the Court need not decide whether the other Rule 23 requirements have been met. *See Valley Drug Co.*, 350 F.3d at 1188. Class certification is not appropriate at this time.

### 3. Conclusion

For the reasons set forth above, Alvarez's motions for conditional class certification under § 216(b) and class certification under Rule 23 (**ECF Nos. 8, 13**) are **denied**.

**Done and ordered** at Miami, Florida, on May 21, 2018.

                                                     Robert N. Scola, Jr.
                                                     United States District Judge